UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMIE BARTELS,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. 2:25-cv-01950-RSM<br><br>ORDER REGARDING PETITIONER'S WAIVER OF ATTORNEY-CLIENT AND WORK-PRODUCT PRIVILEGES |

Having reviewed the United States' motion, and for good cause shown, the Court finds that, by raising claims of ineffective assistance of counsel in his 28 U.S.C. § 2255 motion, petitioner Jamie Bartels has waived attorney-client and work-product privileges with respect to the following subjects:

- Mr. Goldsmith's review of the evidence against Bartels and his assessment of its strength or admissibility;

- The results or findings of the independent computer forensic examination sought by Mr. Goldsmith during his investigation of the case and any relevant communications between Mr. Goldsmith and this examiner or those working at that examiner's direction;

- Mr. Goldsmith's investigation into potential defenses to the charges and his assessment of their viability;

- Mr. Goldsmith's investigation into legal arguments that might justify suppression of the government's evidence and his assessment of their likely success;
- Mr. Goldsmith's efforts to review discovery with Bartels, including records of meetings or telephone calls and records of discovery material provided to or otherwise made available to Bartels;
- Mr. Goldsmith's communications with Bartles concerning any of the above topics;
- Mr. Goldsmith's communications with Bartels and legal advice concerning his decision whether to 1) enter into an amended plea agreement with the government; 2) move to withdraw from his original plea agreement; or 3) maintain his guilty pleas under the terms of that original agreement;
- Mr. Goldsmith's communications with Bartels and legal advice concerning how his decision whether to move to withdraw from his guilty plea could affect plea negotiations with the State of Washington in Bartels's related criminal case pending in Whatcom County Superior Court; and
- Mr. Goldsmith's efforts to ensure that Bartels's decision to enter into an amended plea agreement with the government was knowing and voluntary.

The Court authorizes Bartels's prior attorney Robert Goldsmith to provide to the government otherwise-privileged information on each of these subjects that relates to his representation of Bartels in Case No. 18-cr-00006-RSM (W.D. Wash.). Robert Goldsmith is authorized to provide all documents relating to each subject, including all communications with Bartels and all other documents evidencing any such communications. Mr. Goldsmith also may provide evidence in the form of declarations, affidavits, testimony, or any other form.

Absent further order from the Court, the evidence provided under this Order may be used solely for the purpose of litigating Bartels's § 2255 motion and may not be admitted against Bartels in any other proceeding.

1    This Order will remain in effect even after the Court has ruled on Bartels's § 2255
2 motion. Both parties retain the right to apply to the Court for modification of this Order.
3    IT IS SO ORDERED.
4    Dated this 9th day of January, 2025.

                                    RICARDO S. MARTINEZ
                                    UNITED STATES DISTRICT JUDGE