UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMIE BARTELS,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Case No. C25-1950RSM

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255

## I. INTRODUCTION

This matter comes before the Court on Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence. Dkt. #1. Jamie Bartels challenges the 204-month sentence imposed on him by this Court following his guilty plea for distribution, possession, and production of child pornography. *Id.* at 1; Case No. 2:18-cr-006-RSM, Dkts. #102 and #103. Petitioner asserts three ineffective assistance of counsel claims. After full consideration of the record, and for the reasons set forth below, the Court DENIES this § 2255 Motion.

## II. BACKGROUND

The Court generally agrees with the relevant background facts as set forth by the Government and demonstrated by court records. *See* Dkt. #17 at 2–10. Mr. Bartels does not dispute this largely procedural background. The Court will attempt to focus only on those facts necessary for a ruling.

In December 2017, Homeland Security Investigations Special Agent Toby Ledgerwood received a report from the electronic service provider Rabbit that one of its users shared suspected child sexual abuse material on its platform. The tip also included a series of chat messages this user sent suggesting the user was sexually abusing a young girl and producing child sexual abuse imagery of her. Ledgerwood linked this activity to a home in Lynden, Washington, and ultimately to Defendant Bartels.

On December 14, 2017, Agent Ledgerwood applied for and was granted a search warrant for this Lynden home; law enforcement executed that warrant the same day. Bartels was at home and agreed to be interviewed where he admitted to photographing a minor in the nude. Onsite forensics also confirmed that a laptop seized from Bartels during the search contained several of the images that were included with the tip from Rabbit. The following day, and after again being advised of his Miranda rights, Bartels confirmed nearly everything he told agents the previous evening in a recorded interview.

Bartels was detained at his initial appearance and the Government secured an indictment for Distribution of Child Pornography in violation of 18 U.S.C. § 2252(a)(2), (b)(1) (Count 1), Possession of Child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2) (Count 2), and Production of Child Pornography in violation of 18 U.S.C. § 2251(a), (e) (Count 3). Case No. 2:18-cr-006-RSM, Dkt. #13. As charged, Bartels faced a mandatory minimum of 5 years and a maximum of 20 years for Count 1, *see* 18 U.S.C. § 2252(b)(1), a maximum of 20 years for Count 2, *see* 18 U.S.C. § 2252(b)(2), and for Count 3, a mandatory minimum of 15 years and a maximum of 30 years, *see* 18 U.S.C. § 2251(e).

In September 2019, Bartels pled guilty to all counts pursuant to a plea agreement. Case No. 2:18-cr-006-RSM, Dkts. #52 and #54. As part of the plea agreement, the Government

made no commitment as to the sentencing recommendation, other than promising to recommend that the federal sentence be concurrent with any custodial sentence imposed in two pending cases in Whatcom County Superior Court.

The Court delayed sentencing to May 2020 at the request of defense counsel. The coronavirus pandemic delayed sentencing again. In February 2021, the Office of the Federal Defender withdrew, and the Court appointed Robert W. Goldsmith to represent Bartels. Case No. 2:18-cr-006-RSM, Dkt. #61.

Following his appointment, Goldsmith took several actions on Bartels' behalf. *See generally* Dkt. #17-5 ("Goldsmith Declaration"). Goldsmith investigated the record, reviewed discovery, and arranged inspection of the digital evidence that formed the core of the government's case. *Id*. at ¶¶ 6–8. He retained a computer forensics expert, who "confirmed that the government had gathered substantial digital evidence linking Mr. Bartels to the charged offenses and that the government's analysis of the defendant's digital media was forensically sound." *Id*. at ¶ 8.

Working with Bartels's state defense attorney, Goldsmith secured a plea offer from the State of Washington to resolve two pending state prosecutions related to his alleged sexual abuse of two young girls. *Id*. at ¶¶ 3, 25, 30. This plea offer ensured Bartels would both avoid the possibility of a life sentence and receive credit on the state sentence for the time he had served since his federal arrest in December 2017.

Goldsmith came up with a strategy for Bartels to move to withdraw his plea and then negotiate an amended plea agreement with the Government for Bartels to accept in lieu of moving to withdraw his plea. *See id*. at ¶¶ 14-24.

The Court granted several continuances at Defendant Bartels' request and over the objection of the Government.

On April 21, the parties appeared before the Court. *See* Dkt. #17-8 ("Transcript of Status Hearing held 4/21/2023") at 1–4. The Government continued to urge finality and resolution of the case on behalf of the victim, and the defense reiterated Bartels's intention to accept a revised plea offer but not until he completed psychological testing. *Id*. The Court reminded Bartels of the options before him: 1) proceed to sentencing under the original plea agreement; 2) enter into a new plea agreement; or 3) move to withdraw his plea. *Id*. at 4. Addressing the Court, Bartels reiterated his desire for a psychological evaluation, and the Court noted that simply was not an option and recessed the hearing. *Id*. at 4–5. Goldsmith then met with Bartels in lock up to discuss how Bartels intended to proceed. Goldsmith Declaration at ¶ 32. Bartels told Goldsmith he wished to move forward with an amended plea agreement. *Id*. Goldsmith alerted the government and the Court of Bartels's decision. *Id*.

Following the meeting in lockup, the Court resumed the hearing and undertook a detailed Rule 11 colloquy confirming Bartels's intent to enter into the amended plea agreement. Transcript of Status Hearing held on 4/21/2023 at 6–39. The Court first confirmed with Goldsmith that he had gone through the amended agreement carefully with Bartels. *Id*. at 6. The Court then had Bartels confirm that he had in fact signed the new agreement. *Id*. at 7. After addressing those preliminary matters, the Court placed Bartels under oath and questioned him to ensure he understood the agreement (Case No. 2:18-cr-006-RSM, Dkt. #83), and was acting knowingly, intelligently, and voluntarily.

After confirming with counsel there was no other reason for the Court not to accept Bartels's please, the Court found: "Bartels understands the charges against him, the elements of

those offenses, the burden of proof, the rights that he gives up by pleading guilty, and, most importantly, the potential consequences." Transcript of Status Hearing held on 4/21/2023 at 38. The Court further found, "through his answers, that his pleas of guilty are made knowingly, willingly, and voluntarily," and therefore accepted those pleas. *Id*.

The parties appeared for sentencing on July 10, 2023, and the Court, following the joint recommendation in the plea agreement, sentenced Bartels to 17 years in prison followed by lifetime supervision. Case No. 2:18-cr-006-RSM, Dkts. #102 and #103. Bartels appealed, that appeal was denied, and the mandate affirming the judgment was issued on October 18, 2024. Case No. 2:18-cr-006-RSM, Dkt. #118. The Bureau of Prisons projects a release date of July 7, 2032.

The instant Petition was filed on September 29, 2025. Mr. Bartels asserts ineffective assistance of counsel claims for: 1) failure to investigate, file suppression motion, 2) failure to investigate, interpret statutory meaning, and 3) failure to provide client file, constitutional right to present defense. Dkt. #1 at 4–7. Mr. Bartels has also moved to compel discovery and for the appointment of counsel. Dkts. #7 and #8.

## III. DISCUSSION

### A. Legal Standard

A motion under 28 U.S.C. § 2255 permits a federal prisoner in custody to collaterally challenge his sentence on the grounds that it was imposed in violation of the Constitution or laws of the United States, or that the Court lacked jurisdiction to impose the sentence or that the sentence exceeded the maximum authorized by law.

A petitioner seeking relief under Section 2255 must file his motion with the one-year statute of limitations set forth in § 2255(f).

The standards to be applied to ineffective assistance claims are those defined in *Strickland v. Washington*, 466 U.S. 668 (1984). Such a claim has two components: inadequate performance by counsel, and prejudice resulting from that inadequate performance. To prevail, a defendant first must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. However, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. at 688 (citation omitted). The presumption is that counsel was competent. *Id*. Even if the first part of the *Strickland* test is satisfied, a defendant is not entitled to relief unless he can show prejudice. *Id*. at 687. A defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). On both prongs of the *Strickland* test, the petitioner bears the burden. *United States v. Quintero Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995). But a court need not address both prongs if a petitioner fails to establish one. *Strickland*, 466 U.S. at 697.

**B. Analysis**

There is no dispute that Mr. Bartels meets the "custody" requirement of the statute and that this is Motion is timely under § 2255(f). This is not a second or successive petition.

Mr. Bartels's first ground asserts that his counsel failed to investigate or suppress the search of his electronic devises and that law enforcement improperly failed to limit their search

to a specific time period. *See* Dkt. #1 at 13–15. His second ground asserts that his counsel failed to pursue a defense to the production charge, essentially that he did not coerce the minors in the videos. *See id*. at 18. His third ground asserts that his counsel failed to provide him with his client file starting in May of 2023. *Id*. at 25.

Rather than respond to each of Mr. Bartels's separate claims, the Government begins by summarizing defense counsel's actions in this case:

> [Goldsmith] reviewed discovery, investigated potential defenses and suppression theories, inspected the government's evidence, and even sought the assistance of an independent computer forensic analyst to evaluate the strength of the government's case against his client…. And since prior counsel had not made significant progress addressing the pending state prosecution, Goldsmith took on that task as well. Working with Bartels's state defense counsel, Goldsmith secured a favorable plea offer that ensured both that Bartels would avoid a potential life sentence and that he would receive credit on his state sentence from the date of Bartels's December 2017 federal arrest.

Dkt. #17 at 12. The Government then focuses on the amended plea agreement option:

> Plus, since withdrawing his plea would have resulted in Bartels's forfeiting the favorable state plea offer, Goldsmith simultaneously engaged with the government to ensure Bartels had an alternative to consider. Goldsmith Declaration ¶¶ 21-23. Specifically, Goldsmith negotiated an amended plea agreement that Bartels could accept in lieu of moving to withdraw his plea, thereby preserving the state plea offer while also improving his position in the federal case. Id. ¶ 24.
>
> Goldsmith laid out the options before Bartels, explained their risks and benefits, and made sure Bartels understood the choice of how to proceed was his to make. Id. ¶¶ 26-33; see also Goldsmith Declaration Attachments 8-11. When Bartels wanted more time to consider his options, Goldsmith asked the Court for more time and had considerable success doing so. And as noted above, Goldsmith ensured Bartels was able to see the production imagery himself so that he could make a fully informed decision about how to proceed. Goldsmith Declaration ¶ 18 & Attachment 2.

> It appears Bartels' real gripe is that Goldsmith failed to do the impossible: take Bartels's federal case to trial while preserving a favorable state plea offer. Goldsmith's failure to deliver on that did not result from deficient performance, however. The state's exercise of its prosecutorial prerogative to set the terms of its plea offers is the culprit there.
>
> In sum, all Goldsmith could do is lay out the options before Bartels and ensure he had the necessary information to make an informed choice, which is exactly what Goldsmith did. Bartels does not say otherwise and offers no credible evidence that would suggest Goldsmith was anything other than capable and competent in his efforts on Bartels's behalf.

*Id.* at 13. The Court generally agrees with this summary of defense efforts.

The Government then turns to Mr. Bartels's more specific arguments, starting with the motion to suppress. *See id.* at 14 ("Bartels argues unpersuasively that the lack of date limitations rendered these search warrants constitutionally infirm and that Goldsmith was ineffective for not raising the issue through a motion to suppress"); *id.* at 15 ("It has long been settled in the Ninth Circuit that when officers have probable cause to search digital media for an offense involving child sexual abuse material, they are necessarily authorized to search the entire device."). The Government cites to *United States v. Johnston*, 789 F.3d 934, 942 (9th Cir. 2015) and *United States v. Schesso*, 730 F.3d 1040, 1046 (9th Cir. 2013). *Id.* The Court agrees that "existing precedent forecloses Bartels's arguments about the supposed deficiencies in the warrants." *Id.* at 16.

The Government moves on to the allegation that Goldsmith was deficient in failing to investigate and pursue a defense to the production charge. The Government highlights all of Goldsmith's efforts on this point then states "Bartels, not Goldsmith, conceded guilt and abandoned the defense Bartels now complains was never pursued." *Id.* at 18.

The Government goes on to persuasively argue a lack of prejudice under *Strickland*, how Bartels fails to show how obtaining his client file would serve as a basis to set aside his conviction, and that an evidentiary hearing is unwarranted. *Id*. at 19–22.

Mr. Bartels's Reply brief fails to address the Government's valid points on these issues. *See* Dkt. #21. Mr. Bartels asks if the Government's counsel colluded with his former defense counsel without presenting any evidence of such. *See id*. at 4. He discusses at length his need for discovery in this case without convincing the Court that such could overcome the deficiencies with this petition highlighted by the Government above.

Considering all of the above, the Court finds that Mr. Bartels has failed to show that his counsel committed any error, or that he would not have pleaded guilty or that his counsel otherwise "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland* at 687. Any possible error did not result in the prejudice required under the second prong of *Strickland*.

The Court further agrees with the Government that neither discovery nor the appointment of counsel are warranted in this case. *See* Dkt. #17 at 23–24.

**C. Certificate of Appealability**

A petitioner seeking post-conviction relief under § 2255 may appeal this Court's dismissal of his petition only after obtaining a Certificate of Appealability ("COA") from a district or circuit judge. A COA may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of [her] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*,

537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003). The Court finds that the law and facts above are clear and there is no basis to issue a COA.

## IV. CONCLUSION

Having considered Petitioner's motion, Respondent's answer thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1. Petitioner's Motion under § 2255 (Dkt. #1) is DENIED. No COA shall be issued.
2. Petitioner's Motions for discovery and the appointment of counsel, Dkts. #7 and #8, are DENIED.
3. This matter is now CLOSED.
4. The Clerk of the Court is directed to forward a copy of this Order to Petitioner and all counsel of record.

DATED this 2nd day of November, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE